UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-21493-CIV-MARTINEZ

OMEGA SA,

      Plaintiff,

v.

NESTAWATCH.COM a/k/a
SWISSWATCHSTUDIO.COM a/k/a
HOROLOGICX.COM a/k/a
LUXAURATIME.COM a/k/a LUXIWRIST.COM
a/k/a TIMEVOSE.COM a/k/a
WRISTROYAL.COM a/k/a MELESSURA.COM
a/k/a STYLEERAAS.COM a/k/a
EFFECTIVECARTRIDGE.COM; *et al.*,

      Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff's Motion for Entry of Preliminary Injunction (the "Motion"). ECF No. 21.[1] Plaintiff seeks the entry of a preliminary injunction, including the entry of an order restraining assets, against Defendants nestawatch.com, luxswis.com, bagfactorysupply.com, caroline-watch.shop, chronoxi.com, cleantimewatch.shop, cmarno.com, eternaldynasty.shop, hbmdz.shop, heartofgeneva.com, intfwatch.com, luxurywatchbagdeals.com, luxurywatchboex.com, luxurywatchroom.com, millclub.shop, philipsiwatch.shop, royaltimer.com, silkwatch.shop, swisslights.shop, swissreplicaclub.com, ticktockwear.com, topluxurywatch.shop, toptimewatchcenter.com, touch-watch.com, uluxurywatch.com, unitedluxury-us.com, unitedluxurywatch.com, victoriawatch.com, wristenchantment.com, watchtiques.com

---

[1] The Honorable Jose E. Martinez referred Plaintiff's Motion for Entry of Preliminary Injunction to the undersigned. ECF No. 22.

(collectively, "Defendants"),[2] based on alleged trademark infringement, pursuant to 15 U.S.C. § 1116, Fed. R. Civ. P. 65, the All Writs Act, 28 U.S.C. § 1651(a), and the Court's inherent authority.

The Court held a hearing on April 13, 2026, at which only counsel for Plaintiff was present and available to provide evidence supporting Plaintiff's motion.  Defendants have not responded to Plaintiff's motion, have not made any filings in this case, and have not appeared in this matter, either individually or through counsel.  Having reviewed Plaintiff's motion, the pertinent portions of the record, and the relevant legal authorities, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Preliminary Injunction, ECF No. 21, be **GRANTED**.

## I.      FACTUAL BACKGROUND

Plaintiff Omega SA ("Omega" or "Plaintiff") has presented evidence demonstrating that it is the owner of eleven federally registered trademarks (the "Omega Trademarks") that are identified in the Amended Complaint and in Paragraph 4 of the Declaration of Antoine Haller:[3]

| Trademark | Registration Number | Registration Date | Class/Goods |
|---|---|---|---|
| SEAMASTER | 556,602 | March 25, 1952 | IC 014. Watches, watch parts and watch movements. |
| OMEGA | 566,370 | November 4, 1952 | IC 014. Watches and parts thereof. |

---

[2] The thirty (30) named Defendants are described in the Amended Complaint as "the Individuals, Business Entities, and Unincorporated Associations doing business as the e-commerce store names identified in" the case caption and on Schedule A to the Amended Complaint.  ECF No. 13 at 2, 23-27.  Schedule A is attached hereto and can also be found on the court docket.  *See* ECF No. 13 at 23-27; ECF No. 21 at 20-24.

[3] Plaintiff's Motion incorporates by reference the declarations and exhibits which were filed in support of Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order.  *See* ECF No. 21 at 3 n.1.  The declarations include (1) the Declaration of Antoine Haller, anti-counterfeiting officer at Plaintiff's parent company, ECF No. 8-1; (2) the Declaration of Virgilio Gigante, one of Plaintiff's counsel, ECF No. 8-3; and (3) the Declaration of Kathleen Burns, president of the private investigative firm Invisible Inc, ECF No. 8-5.

| Trademark | Registration Number | Registration Date | Class/Goods |
|---|---|---|---|
| OMEGA | 578,041 | July 28, 1953 | IC 014.  Wrist watches with or without straps, brands or bracelets, chronometers, and chronographs. |
| SPEEDMASTER | 672,487 | January 13, 1959 | IC 014.  Watches and clocks. |
| Ω | 734,891 | July 24, 1962 | IC 014. Timepieces and Parts Thereof. |
| OMEGA | 1,290,661 | August 21, 1984 | IC 014.  Watch cases. |
| PLANET OCEAN | 3,085,659 | April 25, 2006 | IC 014.  Watches and watch parts. |
| SEAMASTER | 3,640,080 | June 16, 2009 | IC 014.  Jewelry, horological and chronometrical instruments. |
| CO-AXIAL | 4,442,192 | December 3, 2013 | IC 014.  Horological and chronometric instruments. |
| OMEGA | 5,094,915 | December 6, 2016 | IC 014.  Horological and chronometric instruments and parts for the aforesaid goods; accessories namely, watch chains, presentation cases for watches and cases for watches |
| CO-AXIAL MASTER CHRONOMETER | 5,266,563 | August 15, 2017 | IC 014.  Horological and chronometric instruments. |

ECF No. 8-1 at ¶ 4; ECF No. 1-2; ECF No. 13 at ¶ 15; ECF No. 13-1; *see also* ECF No. 1 at ¶ 15. The Omega Trademarks are registered with the United States Patent and Trademark Office and are used in connection with the promotion, distribution, and sale of high-quality goods in the categories identified in the trademark registrations, including watches, watch parts, watch cases, chronometers, chronographs, timepieces, horological movements, jewelry, and related products. *See* ECF No. 8-1 at ¶¶ 4, 6; ECF No. 1-2; ECF No. 13-1.

Defendants, using e-commerce stores operating under one or more of the seller aliases identified on Schedule A attached hereto (the "Selling E-Commerce Store Names") and often using

intermediary store names identified on Schedule A (the "Intermediary E-Commerce Store Names") to complete the sale, have advertised, promoted, offered for sale, and/or sold infringing and counterfeit products bearing or using the Omega Trademarks. ECF No. 8-1 at ¶¶ 14, 16-18; ECF No. 8-3 at ¶ 2; ECF No. 8-5 at ¶¶ 4-5; ECF No. 20-1 at ¶ 6.[4] Defendants are not now, nor have they ever been, authorized or licensed to use the Omega Trademarks. *See* ECF No. 8-1 at ¶¶ 14, 17.

Here, Plaintiff has submitted sufficient evidence showing that each Defendant has infringed upon the Omega Trademarks. *See* ECF No. 8-2; ECF No. 8-6; ECF No. 8-7; ECF No. 20-2. Specifically, Plaintiff retained Invisible Inc ("Invisible"), a licensed private investigate firm, to investigate the Defendants' promotion and sale of counterfeit and infringing versions of Plaintiff's branded products and to document available payment account data with regard to funds paid to Defendants for their sale of such counterfeit products. *See* ECF No. 8-1 at ¶¶ 15-16; ECF No. 8-3 at ¶ 2; ECF No. 8-5 at ¶¶ 3-7; ECF No. 20-1 at ¶ 3. Invisible accessed the Selling E-Commerce Store Names and placed an order from each Defendant for the purchase of a watch that bore or was sold using counterfeits of at least one of the Omega Trademarks. *See* ECF No. 8-1 at ¶ 16; ECF No. 8-3 at ¶ 2; ECF No. 8-5 at ¶¶ 4, 6; ECF Nos. 8-6, 8-7; *see also* ECF No. 20-1 at ¶¶ 5-6; ECF No. 20-2. The orders were to be shipped or billed to addresses in the Southern District of Florida. ECF No. 8-5 at ¶ 4. For each Defendant, Invisible compiled webpages and images of products being sold by that Defendant bearing or using counterfeits of the Omega Trademarks and then forwarded that information to Plaintiff's representative for inspection. *See* ECF No. 8-1 at ¶ 16; ECF No. 8-3 at ¶ 2; ECF No. 8-5 at ¶¶ 4, 6; ECF Nos. 8-6, 8-7; *see also* ECF No. 20-1 at ¶¶ 5-6; ECF No. 20-2. Plaintiff's representative visually examined the products displayed on Defendants' respective e-commerce stores, including the products' appearance, design, pricing,

---

[4] The "Selling E-Commerce Store Names" and the "Intermediary E-Commerce Store Names" are collectively referred to as the "E-Commerce Store Names."

description (including the use of the word "replica" in e-commerce store disclaimers), and confirmed that said products were non-genuine, unauthorized versions of Plaintiff's products being sold using counterfeit Omega Trademarks.  ECF No. 8-1 at ¶¶ 17-18; *see* ECF Nos. 8-6, 8-7.

Invisible catalogued the information, including merchant account data, that it had gathered after placing the online orders.  ECF No. 8-5 at ¶¶ 4-6; ECF No. 20-1 at ¶¶ 5-6; ECF Nos. 8-6, 8-7, 20-2.  Upon reviewing said information, Invisible discovered that numerous Defendants, as reflected on Schedule A attached hereto, were using the Intermediary E-Commerce Store Names to complete the checkout process.  ECF No. 8-5 at ¶ 5; ECF No. 20-1 at ¶ 6.  Such use of intermediary e-commerce stores to re-route payment processing information, commonly known as "transaction laundering" or "payment laundering," allows a seller to disguise from banks and payment processors transactions that involve the sale of counterfeit goods, thereby helping the seller to evade financial institution controls, suspicious activity reports, and payment processor prohibitions, as well as to conceal chargeback rates and hinder enforcement efforts addressing the sale of counterfeit goods.  *See* ECF No. 8-3 at ¶ 5.

## II.     PROCEDURAL BACKGROUND

On March 6, 2026, Plaintiff filed a Complaint against Defendants for trademark counterfeiting and infringement, in violation of 15 U.S.C. § 1114 (Count I); false designation of origin, in violation of 15 U.S.C. § 1125(a) (Count II); common law unfair competition (Count III); and common law trademark infringement (Count IV).  ECF No. 1 at 12-16.  Plaintiff filed an Amended Complaint on March 31, 2026 reasserting the same claims.  ECF No. 13.

On March 16, 2026, Plaintiff filed an *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets, ECF No. 8, and an *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3), ECF No. 9.  On March 24, 2026, the Court issued an Order granting Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining

Transfer of Assets, ECF No. 10, and an Order granting Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3), ECF No. 12.

Pursuant to the March 24, 2026 Order, ECF No. 12, Plaintiff served each Defendant, by e-mail or onsite contact form and through Plaintiff's designated website for serving notice, with a copy of the Complaint, the Amended Complaint, the Order Granting Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, and other filings in this matter. *See* ECF Nos. 18-19. On April 2, 2026, Plaintiff filed the underlying Motion for Preliminary Injunction and Memorandum of Law in Support. ECF No. 21. Plaintiff subsequently served each Defendant with a copy of Plaintiff's Motion for Entry of Preliminary Injunction and the Court's Order Setting Preliminary Injunction Hearing and Briefing Schedule. *See* ECF No. 25; ECF No. 26; ECF No. 21 at 25.

## III.    LEGAL STANDARD

Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. To obtain a preliminary injunction, Plaintiff must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying test to a preliminary injunction in a Lanham Act case).

As outlined below, Plaintiff has submitted sufficient evidentiary support to warrant enjoining Defendants from engaging in the alleged infringing activities. *See e.g.*, *Louis Vuitton Malletier, S.A. v. Lin*, No. 10-61640-CIV-HUCK, 2010 WL 11550032 (S.D. Fla. Sept. 2010) (granting preliminary injunction against defendants who failed to respond or appear in the case

after the plaintiff presented sufficient evidence of infringing activity to support its motion for preliminary injunction).

## IV.   ANALYSIS

The declarations and exhibits that Plaintiff submitted in support of its motion for preliminary injunction support the following conclusions of law:

A.   Plaintiff has a substantial likelihood of success on the merits of its claims.  Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, offer for sale, sale, or distribution of products using and/or bearing infringing and counterfeit versions of the Omega Trademarks, and that the products Defendants are selling and promoting for sale are unauthorized copies of Plaintiff's products that bear or use infringing and counterfeit versions of the Omega Trademarks.

B.   Because of the infringement upon the Omega Trademarks, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted.  The following specific facts—as set forth in Plaintiff's Amended Complaint, the instant motion for preliminary injunction, the declarations and exhibits accompanying both Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Plaintiff's Notice of Identification of Additional Aliases and Additional Financial Accounts Used by Defendant Numbers 1, 2, 7, 10, 11, 20, 27, and 29, *see* ECF Nos. 8, 13, 20, 21—demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers if a preliminary injunction is not issued:

    i.   Defendants own, operate, and/or control interactive e-commerce stores operating under the Selling E-Commerce Store Names which advertise, promote, offer for sale, and/or sell counterfeit goods to consumers in the United

States using or bearing infringing and/or counterfeit versions of the Omega Trademarks;

ii. There is good cause to believe that more counterfeit and infringing products using or bearing the Omega Trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products, damage to its reputation and the goodwill associated with the Omega Trademarks, and an unnatural erosion of the legitimate marketplace in which it operates.

C. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing goods through their e-commerce stores and freezing their ill-gotten profits if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and the goodwill associated with Plaintiff's Omega Trademarks if such relief is not issued.

D. The public interest favors issuance of a preliminary injunction to prevent consumer confusion and dispel the false impression that Defendants are operating their e-commerce stores with Plaintiff's approval and endorsement, as well as to protect Plaintiff's legitimate trademark interests.

E. Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing and/or using infringing and/or counterfeit versions of the Omega Trademarks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles

of equity.'" (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962)).

F.  Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984), *abrogated on other grounds by AMG Cap. Mgmt., LLC v. FTC*, 593 U.S. 67, 70 (2021)).

G.  In light of the inherently deceptive nature of the counterfeiting business and the likelihood that Defendants have violated federal trademark laws, as well as Defendants' use of intermediary commerce store names in sales transactions, there is good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## V.  CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Preliminary Injunction, ECF No. 21, be **GRANTED**.  The undersigned further recommends that the preliminary injunction provide as follows:

(1)  Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Preliminary Injunction is preliminarily enjoined and restrained from:

a.  Using the Omega Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Omega product or not authorized by Plaintiff to be sold in connection with the Omega Trademarks;

b.  Passing off, inducing, or enabling others to sell or pass off any product as a genuine Omega product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Omega Trademarks;

c.  Committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.  Further infringing the Omega Trademarks and/or damaging Plaintiff's goodwill; and/or

e.  Shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the Omega Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof.

(2)  Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Preliminary Injunction shall immediately discontinue the use of the Omega Trademarks or any confusingly similar trademarks, on or in connection with all e-commerce stores owned, operated, or controlled by them, including the Internet based e-commerce stores operating under the E-Commerce Store Names.

(3)  Each Defendant shall not transfer ownership of the Internet based e-commerce stores under its E-Commerce Store Names during the pendency of this action, or until further order of the Court.

(4)  Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the E-Commerce Store Names and shall take all steps necessary to

retrieve computer files relating to the use of the E-Commerce Store Names that may have been deleted before the entry of this Preliminary Injunction.

(5) Upon Plaintiff's request, the privacy protection service for any of the E-Commerce Store Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to Plaintiff the true identities and contact information of those registrants.

(6) Upon receipt of notice of this Preliminary Injunction, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Paypal, Inc. ("PayPal") and Stripe, Inc. ("Stripe"), and their related companies and affiliates shall:

    a. Immediately identify all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the E-Commerce Store Names, financial accounts, payment accounts, Merchant IDs, Merchant Names, and/or the e-mail addresses identified on Schedule A attached hereto, as well as any other related accounts of the same customer(s);

    b. Identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Preliminary Injunction;

    c. Restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and

    d. Divert those restrained funds to a holding account for the trust of the Court.

(7) Upon receipt of notice of this Preliminary Injunction, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal and Stripe, and their

11

related companies and affiliates, shall further, within **five (5) business days** of receiving notice of this Preliminary Injunction, provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners or the financial institutions until after those accounts are restrained.  No funds restrained by this Preliminary Injunction shall be transferred or surrendered by any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal and Stripe, and their related companies and affiliates, for any purpose (other than pursuant to a purchase refund chargeback made by a consumer) without the express authorization of this Court.

(8)   Any Defendant subject to this Preliminary Injunction may appear and move to dissolve or modify the Preliminary Injunction on two-days' notice to Plaintiff or on shorter notice as set by this Court.

(9)   Any Defendant or financial institution account holder subject to this Preliminary Injunction may petition the Court to modify the asset restraint set out in this Preliminary Injunction.

(10)  This Preliminary Injunction shall apply to the E-Commerce Store Names, associated e-commerce stores and financial accounts, and any other e-commerce store names, seller identification names, private messaging accounts, or financial accounts that are being used by Defendants for the purpose of counterfeiting the Omega Trademarks and/or unfairly competing with Plaintiff.

12

(11)   This Preliminary Injunction shall remain in effect during the pendency of this action or until such further date set by the Court.

(12)   This Preliminary Injunction shall no longer apply to any Defendant or associated e-commerce store name dismissed from this action or as to which Plaintiff has withdrawn its request for a preliminary injunction.

(13)   Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), to pay for any costs or damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further order of the Court.  In the Court's discretion, the bond may be subject to increase should a motion be made in the interest of justice.

(14)   In addition, for the purpose of providing additional notice of this proceeding and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the e-commerce stores, and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, including but not limited to PayPal and Stripe, and their related companies and affiliates shall, at Plaintiff's request, provide Plaintiff's counsel with any e-mail addresses known to be associated with Defendant's E-Commerce Store Names.

———————————————————

Plaintiff's counsel **SHALL SERVE** a copy of this Report and Recommendation on Defendants **by no later than 12 noon on April 15, 2026** and shall file proof of service thereof.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to **EXPEDITE** the period to serve and file written objections to this Report and Recommendation, if any, with the

13

Honorable Jose E. Martinez, United States District Judge.  Accordingly, the parties shall have **until**

**Friday, April 17, 2026** to file and serve any written objections to this Report and

Recommendation.  Failing to file timely objections will bar a *de novo* determination by the District

Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a

party's "right to challenge on appeal the district court's order based on unobjected-to factual and

legal conclusions," and will only allow appellate review of the district court order "for plain error

if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*,

474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v.*

*Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

   **RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on this 14th day

of April 2026.

                 _____

                 EDUARDO I. SANCHEZ
                 UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Jose E. Martinez
   Counsel of Record

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER, E-COMMERCE STORE NAME,**
**FINANCIAL ACCOUNT INFORMATION, AND MEANS OF CONTACT**

| Def. No. | Defendant / Selling E-commerce Store Name | Defendant / Intermediary E-commerce Store Name | Merchant ID / Payment Account | Merchant Name | Means of Contact |
|---|---|---|---|---|---|
| 1 | nestawatch.com | melessura.com | 9LJ2X2K5FH37G | REMINTE LIMITED | support@nestawatch.com timeluxuruy@gmail.com lengocmai23792@gmail.com Customers@styleeraas.com 14793852889 |
| | | styleeraas.com | lengocmai23792@gmail.com | | |
| | | | JU6VQB2A4D8MQ | | |
| | | | DNX94KQXE9J5G | merchant | |
| 1 | swisswatchstudio.com | effectivecartridge.com | H42SYQZVTAWH6 | Tailored Interiors Private Limited | sales@swisswatchstudio.com timeluxuruy@gmail.com support@lvtstarclothingstore.com 14695870120 |
| | | | tailoredinteriorsprivatelimited@outlook.com | | |
| | | | YUSRGQ92H9MNC | | |
| 1 | horologicx.com | | AJ73MT8PD6DEW | horologicx | support@horologicx.com |
| 1 | luxauratime.com | | A83XWMMDARC3J | | support@luxauratime.com 14793852889 |
| | | | LVVYAMQHTMVL4 | | |
| 1 | luxiwrist.com | | CRY5YZWF2AQL6 | luxiwrist | support@luxiwrist.com timeluxuruy@gmail.com |
| | | | AJ73MT8PD6DEW | | |
| | | | U7HP93B7MBHGA | | |
| | | | JU6VQB2A4D8MQ | | |

1

| | | | | | |
|---|---|---|---|---|---|
| 1 | timevose.com | | AJ73MT8PD6DEW | timevose | support@timevose.com timeluxuruy@gmail.com |
| 1 | wristroyal.com | | FCXVAMN9AA4DE | | support@wristroyal.com |
| 2 | luxswis.com | bagssign.com | WQ5S5CTUDWKTA | Chuang Tu Limited | newolookjojo@outlook.com support@bagssign.com info@RedhatDress.com contact@KelvinDress.com aa244664707@gmail.com 3477261843@qq.com |
| | | redhatdress.com | ABHPE7E63V9R4 | Hershey Hong Kong Limited | |
| | | kelvindress.com | CTX35TD6FLMXE | Hong Kong Importly CompanyLimited | 13005488258 85259761582 8618664464443 15738488087 15024970165 |
| | | velowrist.com | 276JF337ZADCQ | LSTWHZ SHOPS | |
| 2 | suissemark.com | hoitong.shop | RMY5YH24P8RHN | | newolookjojo@outlook.com 14502907399 |
| 3 | bagfactorysupply.com | | 8G6L9P7ZSV69N | CXRAJKHANDRE | bagsfactorysupply@outlook.com 85297016732 |
| 4 | caroline-watch.shop | ainjiroad.shop | 5M3RPVTBFMGJL | 昆明文白林商贸有限公司 | luxurywatches.caroline.service@gmail.com happybagservice@gmail.com 16364092296 |
| 5 | chronoxi.com | thestylefindz.store | ASZEZCGZ4KZAL | merchant | contact@chronoxi.com support@thestylefindz.store 18449094899 |
| 5 | crowneras.com | thestylefindz.store | ASZEZCGZ4KZAL | merchant | contactus@crowneras.com support@thestylefindz.store 13213594331 |
| 6 | cleantimewatch.shop | xiaomiwatch.shop | HPFXU5J6P6KL4 | GLOBELINK 合同会社 | customer@cleantimewatch.shop cleantime1122@outlook.com 13476060565 |

| | | | | |
|---|---|---|---|---|
| 7 | cmarno.com | auarno.top | 49E6NBYJPSB4E | 东莞市横沥恒畅手表厂（个体工商户） | carmellareed8175@gmail.com<br><br>8616675115756<br>639083472176 |
| | | pkarno.top | Z2FX98HBVW7R4 | 阳新县宁时百货店（个体工商户） | |
| 8 | eternaldynasty.shop | qmnpu.shop | LEHADDW9AZLFQ | | amstelsylv31@hotmail.com<br>starygbaksahio@hotmail.com<br><br>85251965141 |
| 9 | hbmdz.shop | sgkwm.shop | ZKRHPQM38P7UJ | 森尼拓國際貿易有限公司 | |
| 10 | heartofgeneva.com | | T74F9LDMVVZDC | HONGKONG RAYPATH LIMITED | timedynasty2025@hotmail.com<br>keyintechnology@outlook.com<br>support@veloiirix.com<br>locecok@outlook.com<br>smoothly@passihop.com<br><br>85298486945<br>85290104227<br>8617613808002<br>85252952940<br>12138406073 |
| | | modamine.shop | TK22BP9ZTB2CN | 深圳捷喜汇科技有限公司 | |
| | | passihop.com | 67JCCJ6C47L3Q | JXCFSM SHOPS | |
| 11 | intfwatch.com | paifuo.com | YBSKAW94TSYCS | JT | nuzumravadaw@hotmail.com<br>verawbstr@gmail.com<br>2392369923z@gmail.com<br>jnuzumravadaw@hotmail.com<br>shantaybeaulieu69@outlook.pt<br>securepay@willingsale.com<br>3329984459@qq.com<br>ls@coolteria.com<br>3497874223@qq.com<br>2994175641@qq.com<br><br>8613367441468<br>8615354620213<br>16134581007 |
| | | coolteria.com | QPYQDBLAWGX8J | LS STORE | |
| | | puretotelab.com | L38ETTBKFLTCE | WHLWL SHOPS | |
| | | willingsale.com | DZRT5RQF6E2UL | DG SHOP | |
| | | vaskshop.com | 4NRYLABDFN9C6 | HKKDMY SHOPS | |
| | | bagvoria.com | 2GTBGKKJ59GXQ | HKLHXZF SHOPS | |

| | | | | | |
|---|---|---|---|---|---|
| 12 | luxurywatchbagdeals.com | luxwatch.space | U9RKQHQTHTHB2 | 13336504241@163.com | 13336504241@163.com<br><br>8613336504241 |
| 13 | luxurywatchboex.com | | GX8Z7AZQS4HYW | BOEX-TTW | cipaul1986@gmail.com<br><br>447724022780 |
| 14 | luxurywatchroom.com | | QQENU4TCJSTHG | | xiongzixin3@gmail.com<br><br>8613812345678<br>8525714 6036<br>14045908126<br>17714749075 |
| 15 | millclub.shop | cemrybryee.shop | RF8FVDWE5SYF2 | CHUANPAN TRADE CO., LTD | customers@swissluxurywatchess.com<br>order@mcteryerry.com<br><br>447743055182 |
| 16 | philipsiwatch.shop | percilypuss.com | CGA8SHRNC46L | 深圳市君凯盈科技有限公司 | service@swissluxurywatchess.com<br><br>percilypuss@gmail.com<br>nooypoord@gmail.com |
| 17 | royaltimer.com | | 92J86SSRDL37W | Yi Xuerong clothes craftsman store | service@royaltimer.com<br><br>8619958329970 |
| 18 | silkwatch.shop | uplize.shop | UH9JN48QURWXY | 安庆抠署电子商务有限公司 | silkroad7day@gmail.com<br>b09695369@gmail.com<br><br>85292225462 |
| 19 | swisslights.shop | hsikuizzltd.com | 8SBB2MPRH8BJ2 | HSIKUIZZ LTD | service@swissluxuryexpo.com<br>support@swissluxurywatchess.com<br><br>19033507752 |
| 20 | swissreplicaclub.com | mistsilk.com | 6J9E72U2A7STJ | 河源市源城区悦希电子商务有限公司 | swissreplicaclub@outlook.com<br>weetsqusayy@hotmail.com<br><br>4407514579523<br>447514567675 |
| | | rareststore.shop | 8RZ4J5S3LXJH8 | 上田淳貴 | |
| 21 | ticktockwear.com | tlolkit.com | 9AEFYGA64SWFG | Ticktockwear | Ticktockwear@outlook.com<br><br>16463739292 |

4

| | | | | | |
|---|---|---|---|---|---|
| 22 | topluxurywatch.shop | buywatches.top | FVA2U7UY8P73U | 343371655@qq.com | bosshua009@126.com<br><br>8613732411054 |
| 23 | toptimewatchcenter.com | | UTWYU4GEP3JXA | 武汉微擎科技有限公司 | nijianqiao888@gmail.com<br><br>8617671713032 |
| 24 | touch-watch.com | luxrywatch.com | E8VX6BEVBBSRW | bgm123552236@outlook.com | bgm123552236@outlook.com<br><br>8614704761831 |
| 25 | uluxurywatch.com | tickverve.com | UBBYX4E26PF9L | Hong Kong Hongyang Limited | rfghgvbj@outlook.com<br><br>13463904420 |
| 26 | unitedluxury-us.com | zentimeo.com | 5FPJSS8UBMPNY | 广州彤冈商贸有限公司 | 3025251408@gmail.com<br><br>13025251408<br>447355236966 |
| 26 | unitedluxury-vip.com | zynergyy.shop | CKR9Q3A2W5XNL | TAYLOR BRADLEY | breitling4856@gmail.com<br><br>8619870083671 |
| 27 | unitedluxurywatch.com | thunderlark.com | UCQQ4LSBDLNMN | Topline Goods | support@unitedluxurywatch.com<br>hello@unitedluxuryshop.com<br>support@olevswatchs.com<br><br>13322506524 |
| | | thunderlark.com | TFR8VESGWD59S | Top Win | |
| | | mycrystalwave.com | HDYD7W4LW2DP2 | Unity Supply | |
| 28 | victoriawatch.com | t7whk.cyou | 5K7FQTQH3SWZU | 广州俞麒商贸有限公司 | amahedbaoyih@hotmail.com<br><br>85264176747 |
| 29 | wristenchantment.com | 58hoping.com | 525PKSGSMTXMY | 义乌市崔匣贸易商行 | goodwatc@outlook.com<br><br>8618958812201 |
| | | rate1998.com | UMWKUCY753BKY | 浙江双龙减速机有限公司 | |
| 30 | watchtiques.com | | | BLUEPULSE TECH | rjahuo@outlook.com<br>newworld6662025@outlook.com<br>yangxingsha0056@gmail.com<br>jackfeifei853@gmail.com<br><br>447732354990 |